In the next place, it may be true, that the 66th section of the act of 1799, c. 128, in that part which declares, that if goods are not invoiced according to the actual cost, with design to evade the duties, then only they shall be forfeited, does not apply to cases, where the goods belong to the producer or manufacturer, and are invoiced below the market value, if that market value be not below the actual cost; and yet upon an issue like the present, the court might not be bound to give that instruction, as not being relevant to that issue. Indeed, with reference to such an issue, the point might be purely an abstract point. But what could seem to be decisive is, that it is plain, that such an instruction could not be asked of the court, unless the claimant could show, that by his invoice and entry, he put his case upon the allegation, that the valuation was the fair market value of the goods, and did not put it upon the ground that the valuation was the actual cost of the goods. I very much incline to hold the opinion, that the 66th section of the act of 1799, c. 128, so far as it inflicts a forfeiture, does not apply, except to cases where an actual purchase has been made, and of course where the invoice ought to be of the actual cost upon such purchase. Still, however, I do not decide the point, because in my view of the present case, it is not fairly presented upon the pleadings and evidence, in such a manner as to call upon the court to decide it. In this view of the whole matter, my opinion is, that the learned judge was right in refusing the instruction in the terms and under the circumstances in which it was prayed. The judgment of the district court is, therefore, affirmed, with costs.

## Case No. 189.

### The ALFRED.

[1 Adm. Rec. 461.]

Superior Court, S. D. Florida. March 6, 1837.

SALVAGE—AMOUNT OF AWARD.

[This was a libel for salvage by Benjamin F. Wiltse and others against the cargo and materials saved from the ship Alfred, (Peter Flaivery, claimant.)]

[Cited in Baker v. The Slobodna, 35 Fed. Rep. 542. No opinion accessible. 1 Adm. Rec. 461, only contains the decree of the court.]

## Case No. 190.

### The ALFRED AND EDWIN.

[7 Ben. 137.][1]

District Court, E. D. New York. Jan., 1874.[2]

TUG AND TOW—NEGLIGENCE—NOTICE OF DANGER.

Where a canal-boat, while being towed through a channel before the ice was all out of it, struck the shore ice and sank, the mas-

[1][Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2][Affirmed by circuit court in The Alfred and Edwin, opinion not now accessible. See Case No. 191.]

ter of the boat having known in advance of the danger, and the tug having refused to take pay or be responsible for damage, held, that there was, under the agreement, no negligence on the part of the tug in undertaking the service at a time when it was necessarily hazardous; and that on the evidence there was no negligence in the performance of the service sufficient to make the tug liable.

[Distinguished in The E. A. Packer, 22 Fed. Rep. 670.]

In admiralty. In March, 1873, the canal-boat Mohawk was towed from Passaic, N. J., to Port Johnson, the master of the canal-boat knowing that the ice in the channel was strong and the passage dangerous. The owners of the tug were unwilling to have her undertake the work, because of the danger, and because they did not tow for hire; and had refused to take any pay for the service, or to be responsible for damage. The trip was made safely, and the boat got a load of coal. The charterers of the canal-boat went several times to get them to tow the boat back loaded; and, finally, the owners of the tug agreed to do so on the same conditions; and the Mohawk came out from Port Johnson to intercept the tug on her way to Passaic, and was taken in tow. When near the mouth of Passaic river, the Mohawk struck the shore ice, was cut open and sank. Her owner libelled the tug, claiming that the injury was caused by negligence on the part of the tug. This the claimants denied, and they set up as defenses, their refusal to incur responsibility, the bad condition of the Mohawk, and the inefficient handling of her while in the tow.

Wilcox & Hobbs, for libellant.

R. T. Wild, for claimants.

BENEDICT, District Judge. Upon examination of the pleadings and proofs in this cause, I am of the opinion that the loss of the libellant's boat was not caused by any negligence on the part of the tug in her management of the tow, but arose from perils necessarily incident to an attempt to tow the boat in a channel made narrow and dangerous by ice. The nature of the service to be performed, and the character of the risks attendant upon its performance, were known at the time when the tug was employed. Under such an employment as the evidence discloses, the tug cannot be chargeable for negligence in undertaking the service at a time when it was necessarily hazardous to the tow; and, upon the proofs, the service, when undertaken, was performed with all the regard for the safety of the tow that circumstances would permit. The libel must, accordingly, be dismissed, with costs.

## Case No. 191.

### The ALFRED AND EDWIN.

Circuit Court, E. D. New York.

[Affirming The Alfred and Edwin, Case No. 190. Nowhere reported; opinion not now accessible.]